UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 2:22-CR-99 |
| | ) | |
| vs. | ) | |
| | ) | |
| ANITA RENEE SAMS, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b), I conducted a plea hearing in this case on January 31, 2023. At the hearing, Defendant entered a plea of guilty to Count One of the Indictment. She entered her plea with a plea agreement. On the basis of the record made at the hearing, I find Defendant is fully capable and competent to enter an informed plea; the plea is made knowingly and with full understanding of each of the rights waived by Defendant; the plea is made voluntarily and free from any force, threats, or promises, apart from the promises in the plea agreement; Defendant understands the nature of the charge and penalties provided by law; and the plea has a sufficient basis in fact.

Defense counsel requested that Defendant remain on release pending sentencing based on several factors that he contends combine to constitute extraordinary circumstances which should permit Defendant to remain on release despite detention otherwise being mandated pending sentencing. Some of those factors include her compliance with her conditions of release, her lack of criminal history, and the need to get her affairs in order, including selling her home before sentencing. While neither the United States nor the United States Probation Office specifically opposed Defendant remaining on release, they also did not find that the circumstances cited by Defendant's counsel constituted extraordinary circumstances under the law. This Court finds the decision regarding whether Defendant

should remain on release in this matter pre-sentencing to be a close call. At an initial appearance in this case, the Court released Defendant on bond conditions. However, a month later, the United States Probation Office filed a petition alleging Defendant had violated certain conditions of her release. At a hearing to address the alleged violations, I found that while Defendant had violated certain conditions, she had also made significant progress through her mental health and drug treatment programs. That progress was impressive given that Defendant had suffered the death of her son and her mother within a very short time and had no one to rely on but herself. Additionally, Defendant has consistently been employed and owns her own home. The Court did detain Defendant for a couple of days before determining that it was appropriate for her to be rereleased on her previously imposed conditions. Since her second release, other than one instance when Defendant did not hear her color called for a drug screen but then tested negative at the Probation Office, Defendant has been fully compliant with all conditions of her release. Her complete lack of criminal history certainly weighs in her favor as to the issue of detention.

At the same time, as referenced above, Defendant is subject to detention under 18 U.S.C. § 3143(a)(2) unless she can show exceptional reasons as to why detention is inappropriate. 18 U.S.C. § 3145(c). While courts have broad discretion to determine what constitutes an exceptional reason, the "general[] agree[ment among courts] is that the term 'exceptional reasons' is limited to situations which are out of the ordinary, uncommon, or rare," and that the reasons should "set [the defendant] apart from anyone else convicted of" a similar crime or crimes. *United States v. Goss*, 2015 U.S. Dist. LEXIS 25421, at *6, 2015 WL 914708, at *2 (E.D. Tenn. March 3, 2015) (citing *United States v. Koon*, 6 F.3d 561, 563 (9th Cir. 1993)); *United States v. Junod*, 2016 U.S. Dist. LEXIS 152995, at *4 (E.D. Mich. Nov. 4, 2016) (citing *United States v. Miller*, 568 F. Supp. 2d 764, 774-75 (E.D. Ky. 2008) (internal quotations marks omitted) (collecting cases)). Generally, courts have found that cooperation with the government, family hardship, and need to deal with personal matters are not exceptional reasons. See e.g., *United States v. Cook*, 42 F. App'x 803, 804 (6th Cir. 2002) (upholding the district

court's conclusion that cooperation with the government and family hardship were not exceptional reasons warranting release); *Junod*, 2016 U.S. Dist. LEXIS 152995 (E.D. Mich. Nov. 4, 2016) (declining to find exceptional reasons where Defendant stated release will allow him to take care of his personal affairs, such as selling his house and possessions, and allow him to spend time with his parents).

In this case, I cannot find that exceptional reasons exist to recommend that Defendant remain on release. While this decision is a very close call given Defendant's lack of criminal history, significant progress in her mental health and drug rehabilitation treatment, her stable work and living environment history, and substantial compliance with her conditions of release, Defendant's prior relapse along with the added pressure associated with an upcoming sentencing hearing, lead this Court to conclude that her continued release would not be appropriate here.

For these reasons, I **RECOMMEND** that Defendant's plea of guilty to Count One of the Indictment be accepted and that the Court adjudicate Defendant guilty of the charges set forth in that count. I further **RECOMMEND** that Defendant be remanded to custody pending sentencing in this matter.[1] The parties have been advised that acceptance of the plea, adjudication of guilt, and imposition of sentence are specifically reserved for the district judge.

Respectfully submitted,

/s/Cynthia Richardson Wyrick
United States Magistrate Judge

---

[1] This Court has set a status hearing for Thursday, February 16, 2023 to further address the issue of detention should that be of assistance to the District Court.

## NOTICE TO PARTIES

You have the right to *de novo* review of the foregoing findings by the district judge. Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than **Thursday, February 16, 2023**. Failure to file objections within this time frame constitutes a waiver of any further right to challenge the plea of guilty in this matter. *See* 28 U.S.C. § 636(b).